### CARPENTER *v.* CARPENTER *et al.*

*(Supreme Court, General Term, Second Department. May 12, 1890.)*

SPECIFIC PERFORMANCE—INEQUITABLE CONTRACT—HUSBAND AMD WIFE.

    Defendant, being in need of $2,000 to complete a purchase made by him, agreed that, if plaintiff, his wife, would join him in a mortgage for that amount of his farm of 52 acres, which she had refused to do, he would convey to her 10 acres of the land, including the buildings, which part was worth $7,000. *Held,* that the agreement was inequitable, and would not be enforced.

Appeal from special term, Queens county.

Action by Sarah F. Carpenter against William T. Carpenter, the respondent, and Ann Augusta Carpenter. Plaintiff and respondent are husband and wife, and prior to August, 1886, they resided at Glen Cove, in Queens county, the respondent then being engaged in the occupation of farming upon the premises which are the subject of the action, being a farm of 52 acres, with a dwelling-house and out-buildings thereon. In that month they came to live in the city of Brooklyn, where the appellant set up a boarding-house with the consent of the respondent. In the summer of 1888 respondent purchased a livery stable and business for $2,500. He paid $1,000 at the time of making the contract, and agreed to pay the remainder ($1,500) on the 22d day of August. Not having this latter sum at his disposal, it was arranged between plaintiff and her husband, the respondent, that he should borrow the sum of $2,000 upon his bond to be secured by his mortgage upon the farm at Glen Cove. Plaintiff applied to several persons for the loan, among others to George W. Eastman, Esq., of the firm of Garretson & Eastman, of the city of New York, who agreed to undertake to furnish the money as soon as the question of the security could be submitted to his client. Meanwhile, as the time for completing the purchase of the livery stable was near at hand, and the loan by Mr. Eastman's client was delayed, plaintiff applied to Mr. William F. Redmond, of Madison, N. J., at his office in New York city, for assistance in the emergency, and he agreed to loan to the respondent the sum of $2,000 temporarily until the permanent loan could be completed. Plaintiff called again upon

Mr. Eastman, and arranged with him for the preparation of the necessary papers. She told him that there was considerable urgency about the matter; that unless the money was obtained within 8 or 10 days her husband would lose the chance to buy the livery stable. Plaintiff told Mr. Eastman that her husband was to convey to her a portion of the farm at Glen Cove, being 10.49 acres thereof, with the dwelling-house and other improvements thereon, at the same time that the mortgage was to be made. The 20th of August was fixed upon for the execution of the papers at Mr. Eastman's office. Mr. Eastman misapprehended the plaintiff's instructions, and prepared a deed of the whole farm of 52 acres to her from respondent, and a mortgage for $2,000 thereon to be executed by plaintiff to Mr. Redmond. On the 21st August plaintiff, her husband, and Mr. Redmond met at Mr. Eastman's office, that being the first occasion when respondent saw Mr. Eastman. It then became apparent that the deed and mortgage had been erroneously prepared, and the closing of the matter was postponed until the following day. When the same parties again appeared, and, Mr. Eastman not having been able to prepare the deed of the 10.49 acre portion of the farm for the lack of *data* from which to make the description, it was agreed that the bond and mortgage to Mr. Redmond should be executed, and the matter of the deed of the 10.49 acres should stand over until the final closing of the permanent loan. The mortgage which had been prepared was thereupon executed by the respondent and plaintiff to Mr. Redmond for $2,000. It having been originally drawn for execution by plaintiff Sarah F. Carpenter, as owner, the original draft was before execution altered from her name to that of William F. Carpenter, the respondent, and amount of loan was paid over. On August 23d, plaintiff and respondent came to Mr. Eastman's office; he being then ready to close the permanent loan. He had prepared a new bond and mortgage to a Mr. Van Cott, and a deed for the 10.49 acres, with the buildings thereon, to be executed by the respondent to plaintiff. The respondent refused to execute this deed, and plaintiff refused to sign the mortgage. This deed of the 10.49 acres was never executed; nor was the original deed of the whole farm, which had been in the first instance prepared by mistake. Subsequently Mr. Redmond received from the respondent $1,000 on account of the principal of the mortgage made to him, and released the 10.49 acres from the lien thereof. The mortgage to Mr. Redmond contained the following words in the body thereof, following immediately after the descriptive words of the boundaries of the mortgage premises: "And being a part of the same premises devised to William T. Carpenter, aforesaid, by the will of his father, William C. Carpenter, and being also the same premises conveyed to the said Sarah F. Carpenter by the said William T. Carpenter by deed dated August 20, 1888." Plaintiff asked judgment that she be adjudged to be the owner of the whole farm of 52 acres, or of the 10.49 acre part thereof. That respondent and his mother and co-defendant, Ann Augusta Carpenter, deliver up the deed referred to in the mortgage to Redmond, (she having alleged its execution in fact, and that respondent's mother was possessed of it and withheld it from the appellant,) offering, if the court deemed it equitable to reconvey to the respondent that part of the farm other than the 10.49 acres, or that the respondent execute to her a deed of the 10.49 acres, and for such other equitable and just relief as to the court should seem meet. The trial court dismissed the complaint upon the merits as to defendant Ann Augusta Carpenter, and from the judgment entered in her favor plaintiff does not now appeal.

The opinion delivered at special term was as follows: "CULLEN, J. If this action be considered, as claimed by plaintiff's counsel, as one to obtain possession of a title-deed, it must fail, because the evidence conclusively shows that no deed from defendant to plaintiff was ever executed or delivered. If it is to be considered as an action for specific performance, equity should not decree the execution of the contract to convey, for the alleged contract was

equitable. The sole consideration of the contract was the execution by the plaintiff of a mortgage for $2,000 by which she subjected her dower right to the lien of such mortgage. Her inchoate right to dower could not exceed in value a few hundred dollars. For this she claims she was to receive a conveyance of lands worth $7,000. The husband required the money, and the plaintiff took advantage of his necessities to extort the promise to convey. Such an agreement should not be enforced, especially as the defendant offers to pay off the mortgage, which will restore the plaintiff to her original position. The plaintiff should be relegated to her action at law. If the recital in the mortgage concludes the parties, and estops defendant from denying a conveyance to the plaintiff, then the plaintiff has no necessity for a resort to equity, but must establish her title by an action in ejectment. Judgment for defendant, without costs." Judgment was entered accordingly, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wray & Pilsbury*, (*Arthur R. Robertson* and *L. A. Wray*, of counsel,) for appellant. *John Oakey*, (*Garret J. Garretson*, of counsel,) for respondent.

PRATT, J. The decision of this case at special term was placed upon the grounds—*First*, that it would be inequitable to grant the relief demanded; and, *second*, that if the recital in the mortgage estopped the defendant from denying a conveyance to the plaintiff, her proper remedy was an action at law in ejectment. The first ground was sufficient to warrant the judgment, and it was amply supported by the evidence in the case. The offer of defendant upon the trial to pay off the mortgage evinced a desire to restore plaintiff to her original position, and was all that plaintiff could properly claim in any event, upon the facts proved. It is unnecessary to comment upon the propositions and authorities contained in the elaborate brief of the appellant. We have examined the exceptions, and find none sufficient to warrant reversing the judgment. We think, however, it would be equitable to hold the defendant to his offer to pay off the mortgage, and thus reinstate the plaintiff to her dower right, and the judgment is affirmed upon such offer being executed within a reasonable time, without costs. All concur.